MURDOCK, Judge,
concurring in the result.
In my opinion, the evidence presented by Murray fails to constitute the substantial evidence necessary to make a prima facie case with respect to the requirements of § 25 — 5—11 (c)(2), Ala.Code 1975. Among other things, in order for co-employee liability to be established under this Code section, the safety device removed must be one “provided by the manufacturer of the machine.” If this requirement is to be satisfied in regard to a safety device added to a machine by an entity other than the original manufacturer, that entity must make such substantial modifications to the machine that it becomes the “manufacturer” for purposes of the Act.
In Harris v. Gill, 585 So.2d 831 (Ala.1991), the injured party contended that his employer “reconstructed and/or modified [a] 40-year-old punch press into a new form or with new qualities in order to make it workable and usable,” and thereby “qualified as a ‘manufacturer’ for purposes of § 25-5-11(c)(2).” 585 So.2d at 835 (emphasis added). Our Supreme Court agreed and held that “the term ‘manufacturer’ may include not only the original manufacturer ..., but also a subsequent entity that substantially modifies or materially alters the product through the use of *923 different components and/or methods of assembly.” 585 So.2d at 836.
In the present case, Murray did not present substantial evidence that his employer so modified the press in question as to fall within the holding of Harris. Furthermore, the only modification of the press as to which Murray did present evidence was the addition of the safety device at issue. If the addition of a safety device, without more, is sufficient to cause one to become the “manufacturer” of a machine for purposes of § 25-5-ll(c)(2), that provision’s limitation to safety devices installed by “manufacturers” effectively will be written out of the statute. I cannot assume that the Legislature did not intend that each of the words in the statute has meaning. See Ex parte Children’s Hosp. of Alabama, 721 So.2d 184, 190-91 (Ala. 1998) (citing Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.), cert. denied, 708 So.2d 911 (Ala.1997), for the proposition that “[tjhere is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used”).
Accordingly, I concur in the result.